# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA F. LUDYIAN-WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN MORTGAGE EXPRESS CORP. dba AMERICAN MORTGAGE EXPRESS FINANCIAL, et al.,<br><br>Defendants. | CASE NO. 12cv2892-LAB (WMC)<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO CLARIFY THE SPELLING OF HER NAME** |

On December 4, 2012, Plaintiff filed her complaint seeking relief in connection with a pending foreclosure. The complaint alleges various types of misbehavior by Defendants in connection with Plaintiff Sophia Ludyian-Woods' residential mortgage.

The complaint also includes, as Exhibit C, a document captioned "Declaration of Sophia F. Ludyjan-Woods [*sic*] in Support of TRO." The heading says the temporary restraining order is being sought in this Court. This document, however, requests the issuance of a temporary restraining order and preliminary injunction. (Compl., Ex. C, ¶ 22), so the Court construes this as a request for a temporary restraining order.

The Court first notes that the purported declaration is not attested to under penalty of perjury. Second, it was not filed as a motion, but was tucked away in the complaint as an

1  exhibit. It does not comply with this Court's rules regarding motions. *See* Civil Local Rule 7.1(f)(1). The request for a TRO also does not comply with Fed. R. Civ. P. 65(b)'s requirements, or this chambers' standing order regarding notice to opposing parties. *See* Standing Order, ¶ 5. Finally, the request for a TRO and preliminary injunction does not adequately address the standards for issuance of a TRO or preliminary injunction. *See Stanchart Securities Int'l, Inc. v. Galvadon*, 2012 WL 5286952 at *1 (S.D.Cal., Oct. 24, 2012) (discussing standards for issuance of TRO and preliminary injunction).

The request for a TRO and preliminary injunction is therefore **DENIED**.

The pleadings spell Plaintiff's surname two different ways. The body of the complaint spells it "Ludyian-Woods," while the exhibits (iwhich include the request for TRO and preliminary injunction, and various property records) spell it "Ludyjan-Woods." Plaintiff herself has signed documents spelling her name both ways. (*Compare* Compl. at 18 (verification signed as "Ludyian-Woods") and Ex. C at 3 (request for TRO and preliminary injunction, signed as "Ludyjan-Woods").) In any case it is important that parties' names be spelled correctly, and in this case even more so because it deals with property ownership, property records and agreements, and an alleged qualified written request.

Plaintiff is therefore **ORDERED** to file a declaration under penalty of perjury stating what the correct spelling of her name is. If for some reason she has used or is using more than one spelling, the declaration must so state, and give details as well as an explanation. Plaintiff's counsel shall promptly notify Plaintiff of this requirement. The declaration must be filed no later than December 10, 2012. The declaration must be signed by Plaintiff herself, but her counsel may prepare it.

**IT IS SO ORDERED**.

DATED: December 5, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge